IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Cody J., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-50082 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cody J. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision terminating his supplemental security income benefits after an age 18 redetermination.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

Plaintiff was found disabled and entitled to supplemental security income in 2006 because of ADHD and Oppositional/Defiant Disorder. R. 81–83. At the time of his onset date, Plaintiff was 6 years old. R. 82. After Plaintiff attained age 18, his supplemental security income benefits were redetermined under the rules for adults who file new applications, as required by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987. At the initial level, Plaintiff was determined to no longer be disabled as of February 1, 2018. R. 94. This determination was upheld by a state agency disability hearing officer on May 22, 2019. R. 111.

Plaintiff appealed the state agency's determination to an administrative law judge (ALJ), who held a remote hearing on June 11, 2021. R. 21. The ALJ heard testimony from Plaintiff,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 6.

Plaintiff's mother, and an impartial vocational expert. R. 21. The ALJ issued a written decision on June 28, 2021, concluding that Plaintiff was no longer disabled as of February 1, 2018. R. 32–33.

The ALJ conducted the usual five-step inquiry, except for step one, which does not apply to an age 18 redetermination. 20 C.F.R. § 416.987(b). At step two, the ALJ found that Plaintiff had the severe impairments of obesity, obstructive sleep apnea, neurodevelopmental disorder, depression, anxiety, eating disorder, dependent personality disorder, and oppositional defiant disorder. R. 23. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 24–26. The ALJ then found that Plaintiff had the residual functional capacity (RFC)

> to perform sedentary work as defined in 20 CFR 416.967(a) except never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; understand, remember and carryout simple routine 1-2 step instructions; use judgment limited to simple work related decisions; occasionally interact with supervisors and coworkers; and briefly and superficially interact with the general public.

R. 26. At step four, the ALJ found that Plaintiff had no past relevant work. R. 31. Applying Plaintiff's RFC at step five, the ALJ concluded that a significant number of jobs existed in the national economy that Plaintiff could perform, such as toy stuffer, final assembler, and eye wear polisher. R. 32.

After the Appeals Council denied Plaintiff's request for review on November 8, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [her] conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that the ALJ erred in analyzing his mental impairments at step three.[2] Pl.'s Br. at 9–18, Dkt. 19. More specifically, Plaintiff challenges the ALJ's conclusions with respect to Listing 12.08 (personality and impulse-control disorders) and Listing 12.13 (eating disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.08, 12.13. Under these listings, a claimant is presumptively disabled if he meets the paragraph A criteria, which are specific to each listing, and the paragraph B criteria, which apply to all mental impairments.[3] A claimant satisfies the paragraph B criteria if he provides evidence showing an extreme limitation in one area of mental functioning or a marked limitation in two areas of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F2; *see Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006) (claimant has burden of proof). "When evaluating whether an impairment is presumptively disabling under a listing, the

---

[2] Plaintiff also briefly argues that the ALJ erred in evaluating the effects of Plaintiff's obesity, but Plaintiff abandons this issue by failing to raise it in his reply brief. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in waiver).

[3] For Listing 12.08, a claimant whose mental disorder is "serious and persistent" can satisfy the paragraph C criteria as an alternative to the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00G1. Here, the ALJ found that Plaintiff did not satisfy the paragraph C criteria, R. 26, and Plaintiff does not contest this finding on appeal. Accordingly, the Court will address only the paragraph B criteria.

ALJ 'must discuss the listing by name and offer more than a perfunctory analysis of the listing.'" *Jeske v. Saul*, 955 F.3d 583, 588 (7th Cir. 2020) (quoting *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). However, the ALJ's analysis of the evidence at step four "may doubly explain how the evidence shows the claimant's impairment is not presumptively disabling under the pertinent listing" at step three. *Id.* at 590.

**A. The Paragraph A Criteria**

Plaintiff argues that the ALJ's analysis of the paragraph A criteria was perfunctory and that the ALJ ignored and failed to confront evidence consistent with the paragraph A criteria. Pl.'s Br. at 9–17, Dkt. 19. The Commissioner declines to engage with Plaintiff's discussion of the paragraph A criteria, arguing instead that any error with respect to the paragraph A criteria is harmless if the ALJ's analysis of the paragraph B criteria is adequate, given that Plaintiff had to satisfy both criteria to be found presumptively disabled at step three. Def.'s Br. at 3, Dkt. 20. The Court agrees.

The Seventh Circuit has held that "[courts] will not remand a case to the ALJ for further specification where [they] are convinced that the ALJ will reach the same result." *Butler*, 4 F.4th at 504 (quoting *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)). An ALJ's error is harmless if the Court "can 'predict with great confidence what the result of remand will be.'" *Id.* (quoting *McKinzey*, 641 F.3d at 892).

Here, remanding the case for the ALJ to provide further analysis of the paragraph A criteria would accomplish nothing if the ALJ properly found that Plaintiff did not meet the paragraph B criteria, given that Plaintiff would still not be found presumptively disabled at step three. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listing's] criteria, no matter how severely, does not qualify."). As explained further below, the ALJ's analysis of the paragraph B criteria was adequate, so any alleged error with respect to the

4

paragraph A criteria is harmless. Other courts in the Seventh Circuit have come to similar conclusions. *See Patterson v. Colvin*, No. 14-CV-00468, 2015 WL 898186, at *9 (S.D. Ind. Mar. 2, 2015) ("By extensively discussing the paragraph B and C criteria, the ALJ provided more than a 'perfunctory' analysis of Listing 12.03 . . . ."); *Deerwester v. Colvin*, No. 13 C 0218, 2014 WL 8137246, at *10 (N.D. Ill. Mar. 12, 2014) (finding that ALJ's failure to specifically address A criteria did not warrant remand when ALJ presumably found A criteria satisfied and moved on to B and C criteria); *Herron v. Comm'r of Soc. Sec.*, 788 F. Supp. 2d 809, 816 (N.D. Ind. 2011) (same). Therefore, the Court cannot conclude that the ALJ's decision to omit an analysis of the paragraph A criteria on this record was reversible error.

In his reply brief, Plaintiff argues that the ALJ's alleged errors were not harmless, but Plaintiff's arguments are unavailing. First, Plaintiff argues that "the doctrine of harmless error does not absolve the ALJ of ignoring material or conflicting evidence." Pl.'s Reply at 1, Dkt. 21 (citing *Walters v. Astrue*, 444 F. App'x 913, 917 (7th Cir. 2011) (unpublished)). But Plaintiff also recognizes that "where an ALJ's decision is 'unreliable because of serious mistakes or omissions, the reviewing court must reverse unless satisfied that no reasonable trier of fact could have come to a different conclusion, in which event a remand would be pointless." *Id.* at 1–2 (quoting *Walters*, 444 F. App'x at 919). Here, no reasonable trier of fact would conclude that Plaintiff was presumptively disabled at step three on remand, given that he failed to satisfy the paragraph B criteria and C criteria, so a remand for further consideration of the paragraph A criteria would be pointless. *Patterson*, No. 14-CV-00468, 2015 WL 898186, at *9; *see Zebley*, 493 U.S. at 530.

Second, Plaintiff's reliance on the Seventh Circuit's decision in *Craft vs. Astrue* is misplaced. Pl.'s Reply at 2, Dkt. 21 (citing *Craft vs. Astrue*, 539 F.3d 668 (7th Cir. 2008)). In *Craft*, the ALJ failed to address the paragraph B criteria at all, as required by SSR 96–8p, 1996

5

WL 374184 (S.S.A. July 2, 1996), and this error "was compounded by a failure of analysis during the mental RFC determination." *Craft*, 539 F.3d at 675. However, the Seventh Circuit still subjected the error to harmless error review and concluded that it was not harmless because the result could change on remand. *Id.* If the Court remanded here, the ALJ would reach the same overall result at step three, so any purported error in not considering the paragraph A criteria was harmless. *Patterson*, 2015 WL 898186, at *9; *see McKinzey*, 641 F.3d at 892.

**B. The Paragraph B Criteria**

When evaluating Plaintiff's mental impairments, the ALJ found that Plaintiff had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing himself. R. 24–25. These findings were fully consistent with the findings of the state agency psychological consultants at the initial and reconsideration levels. R. 86, 799.

Plaintiff argues, however, that the ALJ should have given more weight to the opinion of Syed Irfan, M.D., his treating psychiatrist in 2020–2021, who opined on a June 2021 questionnaire that Plaintiff had a moderate limitation in understanding, remembering, or applying information; a marked limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a marked limitation in adapting or managing himself. R. 1038. Because Dr. Irfan opined that Plaintiff had two marked limitations, the ALJ would have found that Plaintiff satisfied the paragraph B criteria had she fully adopted this opinion. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F2.

In his opening brief, Plaintiff claims that the following two rules apply to this case:

> [1] In a cessation case, the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date.

> [2] Because plaintiff's claim was last favorably decided in 2015, and his original application was filed before March 27, 2017, the treating source rule applies to his claim and Dr. Irfan's opinion was entitled to be evaluated under 20 C.F.R. § 404.1527.

Pl.'s Br. at 17, Dkt. 19. The Commissioner argues that neither rule applies because this case is an age 18 redetermination, not a medical improvement case. Def.'s Br. at 6 & nn.2–3, Dkt. 20. The Court agrees with the Commissioner on both points.[4]

First, the Social Security Act is clear that the standards governing medical improvement do not apply to an age 18 redetermination. 42 U.S.C. § 1382c(a)(3)(H)(iii) ("With respect to any redetermination under this clause, paragraph (4) [establishing standards for medical improvement] shall not apply."). Rather, an age 18 redetermination is made "by applying the criteria used in determining initial eligibility for individuals who are age 18 or older." *Id.*

Second, in making an age 18 redetermination, an ALJ "will use the rules for adults (individuals age 18 or older) who file new applications" except the rule for doing substantial gainful activity. 20 C.F.R. § 416.987(b). The Social Security Administration "consider[s] an age 18 redetermination to be a new claim (not a [continuing disability review]) filed on the day a person attains age 18." POMS DI 24503.050(D)(8); HALLEX I-5-3-30(IV)(B). Plaintiff's 18th birthday was in June 2017, R. 82, so the ALJ properly applied the new rule, rather than the treating source rule, to Dr. Irfan's opinion. *See* 20 C.F.R. § 416.920c (applicable to claims filed on or after March 27, 2017).[5]

---

[4] Plaintiff abandons these issues in his reply brief.

[5] Other courts to consider this issue have reached the same conclusion. *See, e.g.*, *McFarland v. Comm'r of Soc. Sec. Admin.*, No. 21-CV-01225, 2022 WL 3947134, at *1, *13 (N.D. Ohio Aug. 2, 2022), *report and recommendation adopted*, 2022 WL 3921099 (N.D. Ohio Aug. 31, 2022) (declining to apply treating source rule to claimant who turned 18 after March 27, 2017); *Powell v. Kijakazi*, No. CV 321-066, 2022 WL 4000719, at *1, *5 (S.D. Ga. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3970838 (S.D. Ga. Aug. 31, 2022) (same); *Lilibeth G. v. Kijakazi*, No. CV 20-474, 2021 WL 5049377, at *2, *6 (D.R.I. Nov. 1, 2021), *report and recommendation adopted*, 2021 WL 5631745 (D.R.I. Dec. 1, 2021) (same); *see*

Even under the new rule, however, ALJs must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 416.920c(b)(2). The regulation defines these factors as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)–(2). ALJs "may, but are not required to, explain how [they] considered" the medical source's relationship with the claimant, specialization, and other factors. *Id.* § 416.920c(b)(2), (c)(3)–(5). The Commissioner argues that the ALJ adequately analyzed these factors when concluding that Dr. Irfan's opinion had little persuasive weight. Def.'s Br. at 6–7, Dkt. 20. The Court agrees.

When evaluating Dr. Irfan's opinion, the ALJ provided the following explanation:

> First, the treating relationship was about a year in duration at the time of his opinion, but he had only seen the claimant four times. There is also little narrative to support his opinion and it is inconsistent with his own treatment notes of the claimant, except for fair concentration. For example, his progress notes state that depression appears to be in remission and he stops multiple medications. The claimant's mental health is treated conservatively with Wellbutrin prescribed by Dr. Irfan and counseling. This is inconsistent with marked limits in adapting or managing. Marked limits interacting with others is also disproportionate. Dr. Irfan notes reports that the claimant is embarrassed about his weight and angry

---

*also Jackson v. Kijakazi*, No. 21-CV-978, 2022 WL 2909860, at *8 n.16 (S.D.N.Y. July 7, 2022), *report and recommendation adopted*, 2022 WL 2905146 (S.D.N.Y. July 22, 2022) (applying treating source rule to claimant who turned 18 on March 14, 2017).

> about doing chores, but nothing to support marked limits. Therefore, Dr. Irfan's opinion is unpersuasive.

R. 30–31 (citation omitted). Plaintiff does not challenge the facts underpinning the ALJ's analysis, which are borne out by the record: Dr. Irfan saw Plaintiff four times, in June 2020, September 2020, December 2020, and March 2021. R. 936, 934, 930, 923. Dr. Irfan submitted the questionnaire in June 2021, the same month as the hearing and approximately one year after he began treating Plaintiff. R. 1039. Dr. Irfan provided little narrative to support his opinion—for instance, although he checked various boxes on the June 2021 questionnaire, he declined to supply the required explanations and medical/clinical findings to support the checkbox answers, leaving the questionnaire incomplete and mostly blank. *See* R. 1035–39. Dr. Irfan discontinued three of Plaintiff's psychiatric medications, so Plaintiff's only current treatment for his mental health is Wellbutrin XR, prescribed by Dr. Irfan,[6] and counseling. R. 923–24, 953–1033. Dr. Irfan's notes indicate that Plaintiff would get embarrassed by his weight and angry about doing chores, R. 924, 930, 934, 936, but in March 2021, Dr. Irfan noted "no other issues" apart from these. R. 924.

Although Plaintiff does not dispute these facts, Plaintiff challenges the ALJ's conclusions based on them, first because "Dr. Irfan asserted that [Plaintiff's] bipolar disorder/oppositional defiant disorder/mood symptoms were consistently present. TR. 924, 942, 951." Pl.'s Br. at 17, Dkt. 19. However, Plaintiff cites to only one note from Dr. Irfan, dated March 2021, R. 924; his other citations come from other providers seeing Plaintiff for different issues, *see* R. 939 (sleep apnea concerns); R. 950 (routine med check). Dr. Irfan's March 2021 treatment note states that Plaintiff's "[d]epression appears to be at baseline, mostly in remission" and Plaintiff's "[o]ppositional defiant disorder symptoms are still present." R. 924. Dr. Irfan does not, however,

---

[6] Plaintiff also takes Klonopin prescribed by a sleep doctor. R. 923.

mention bipolar disorder. *See* R. 923–24. As for Plaintiff's symptoms of oppositional defiant disorder—embarrassment about his weight and anger about his chores—Plaintiff does not explain how these symptoms rise to the level of a marked limitation, and the ALJ addressed them head-on when rejecting the marked limitations from Dr. Irfan's opinion. R. 30–31. Thus, while Dr. Irfan's notes reference the diagnoses of oppositional defiant disorder, and depression—mostly in remission—these diagnoses alone were not enough to show that Plaintiff satisfies the paragraph B criteria of a listing. 20 C.F.R. § 416.925(d); *see, e.g.*, *Gwendolyn P. v. Kijakazi*, No. 20 C 3339, 2021 WL 5204858, at *5 (N.D. Ill. Nov. 9, 2021).

Plaintiff then notes that "Dr. Irfan also assessed [that Plaintiff's] borderline intellectual functioning and poor judgment and insight were a component of his presentation." Pl.'s Br. at 17, Dkt. 19. Plaintiff does not explain how the ALJ erred in analyzing these symptoms, much less explain how they could support Dr. Irfan's opinion that he has marked limitations in interacting with others and in adapting or managing himself. This omission is fatal because Dr. Irfan himself opined that Plaintiff's symptoms indicated only *moderate* limitations in understanding, remembering, and applying information and in concentrating, persisting, or maintaining pace. R. 1038. As such, Plaintiff's argument is forfeited as perfunctory and undeveloped. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (perfunctory and undeveloped arguments are forfeited).

Plaintiff next conjectures that "[a] change in medications would not have impacted [his] conditions or said anything about his functioning with those conditions" and states that "it appears that Dr. Irfan in [part] changed [P]laintiff's medicines due to his weight and lack of energy." Pl.'s Br. at 17–18, Dkt. 19. At best, then, Plaintiff is arguing that this less aggressive course of treatment has had no impact on his mental functioning and that Dr. Irfan chose to pursue it because it might improve Plaintiff's health overall. Assuming Plaintiff is correct, the ALJ could reasonably infer

10

from these facts that Dr. Irfan's discontinuation of three psychiatric medications was inconsistent with his opinion—supported by little narrative and based on one year of treatment consisting of just four visits—that the severity of Plaintiff's mental impairments rose to the level of marked functional limitations. *See, e.g.*, *Rodolfo M. v. Kijakazi*, No. 21 C 5565, 2023 WL 264913, at *6 (N.D. Ill. Jan. 18, 2023) (ALJ properly found doctor's opined moderate limitation inconsistent with conservative mental health treatment); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00C2i (ALJ may consider "[the claimant's] clinical course, including changes in [the claimant's] medication, therapy, or other treatment"). Although Plaintiff may disagree with how the ALJ analyzed these facts, "[t]his explicit weighing is precisely within the purview of the ALJ—and it is not [the Court's] place to reweigh evidence, even where reasonable minds might disagree about the outcome." *Bakke v. Kijakazi*, No. 22-2236, 2023 WL 2473109, at *4 (7th Cir. Mar. 13, 2023).

Finally, Plaintiff argues that the ALJ should have acknowledged the administrative medical finding of state agency reviewing psychologist David Voss, Ph.D., who performed a continuing disability review on Plaintiff's file in 2015 and concluded that Plaintiff remained disabled in part because Plaintiff had a marked limitation in the childhood domain[7] of "interacting and relating with others." R. 703–05. According to Plaintiff, "Dr. Irfan's opinions that [P]laintiff had marked limitations in interacting with others and in managing himself" are consistent with this finding, and Plaintiff's childhood "problems with interacting with others and [their] translation to the adult B criteria should have been considered by the ALJ." Pl.'s Br. at 18, Dkt. 19.

---

[7] Much like the paragraph B criteria for adults, a child can prove he functionally equals a listing by providing evidence that shows an extreme limitation in one of six "childhood domains" or a marked limitation in two domains. *See* 20 C.F.R. § 416.926a(a), (b)(1)(i)–(vi).

11

In response, the Commissioner argues that "[Dr. Voss's] opinion addressed a different time period, the child standard of disability as opposed to the adult standard, and was based on evidence prior to the relevant period" and "thus does not bolster [P]laintiff's claim." Def.'s Br. at 7–8, Dkt. 20. The Court agrees.

Plaintiff cites no authority to support the proposition that the ALJ was required to address a state agency reviewer's opinion from 2015, three years before the current disability period began in February 2018, nor does Plaintiff explain why Dr. Voss's opinion of his childhood functioning has any relevance to his adult disability claim, particularly in light of the congressional requirement that the ALJ "redetermine [Plaintiff's] eligibility by applying the criteria used in determining initial eligibility for individuals who are age 18 or older." 42 U.S.C. § 1382c(a)(3)(H)(iii). Plaintiff's argument is thus forfeited as undeveloped. *Crespo*, 824 F.3d at 674; *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) (explaining that it is not the Court's "responsibility to research and construct the parties' arguments") (internal quotations omitted). Furthermore, rather than address the Commissioner's arguments, Plaintiff drops the issue in his reply brief, failing to mention Dr. Voss's opinion altogether. Accordingly, Plaintiff's arguments with respect to Dr. Voss's opinion are forfeited. *See Bonte*, 624 F.3d at 466.

Because the ALJ's evaluation of the paragraph B criteria was adequately explained and supported by substantial evidence, the ALJ did not err in finding that Plaintiff was not presumptively disabled at step three.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, the Commissioner's motion is granted, and the Commissioner's decision is affirmed.

Date: March 31, 2023　　　　　By:　_____
　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　United States Magistrate Judge